IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-194-RJC
(3:04-cr-197-RJC-DCK-1)

| | |
|---|---|
| TIMOTHY GOVERNOR ALEXANDER, ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed.

I. BACKGROUND

On July 25, 2005, Petitioner pled guilty to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 371 (Count One), and robbery by force or violence, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two). (Case No. 3:04-cr-97, Doc. No. 45: Plea Agreement; Doc. No. 48: Acceptance and Entry of Guilty Plea). The Court sentenced Petitioner to 60 months' imprisonment on Count One and 240 concurrent months on Count Two and entered Judgment on June 27, 2006. (Id., Doc. No. 66). Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit that was dismissed on February 27, 2007, based on the waiver in his plea agreement. (Id., Doc. No. 81: Order).

On July 19, 2010, Petitioner filed his first § 2255 motion alleging ineffective assistance of counsel, prosecutorial misconduct, and error by the magistrate judge in taking the guilty plea. (Case No. 3:10-cv-324, Doc. No. 1). The Court granted the Government's motion for summary

1

judgment asserting that the § 2255 motion was untimely and not subject to equitable tolling. (Id., Doc. No. 16: Order). Petitioner's attempted appeal was dismissed by the Fourth Circuit on March 4, 2013, which refused to issue a certificate of appealability. (Id., Doc. No. 22: Opinion).

On March 25, 2013, Petitioner filed the instant § 2255 motion again claiming ineffective assistance of counsel, prosecutorial misconduct, error by the magistrate judge in taking the guilty plea, and equitable tolling. (Doc. No. 1).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that the Government does not need to file a response, and that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that the defendant first secured the necessary

authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003). Even if the motion were not an unauthorized second § 2255 motion, the Court would again find it untimely and not subject to equitable tolling. Petitioner relies on the description in his previous motion about the problems he faced in timely pursuing relief. (Doc. No. 1 at 12). Those reasons remain insufficient to entitle him to equitable tolling. (Case No. 3:10-cv-324, Doc. No. 16: Order at 5).

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** as successive. Alternatively, the motion would be dismissed as untimely, if the Court had jurisdiction to consider it.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 11, 2015

Robert J. Conrad, Jr.
United States District Judge